NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREEN TREE SERVICING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CARGILLE and JULIE CARGILLE, et al.<br><br>Defendants. | Civil Action No.: 15-cv-0938 (PGS)(LHG)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This motion comes before the Court on David and Julie Cargille's ("Cargilles") motion to dismiss the Complaint (ECF No. 43). For the reasons stated below, Cargilles' motion to dismiss is denied.

I.

On August 28, 2003, the Defendants executed a promissory note (hereinafter "the note") with GMAC Mortgage Corporation in the amount of $285,000. (ECF 1, *Compl.* ¶ 1). On that same date, the Cargilles executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage Corporation which was secured by the Cargilles' property located at 29 Millstone Drive in Cranbury, New Jersey. (*Id.* ¶ 3). The mortgage was duly recorded on June 6, 2005 by the Clerk's Office of Mercer County. (*Id.* ¶ 2). By Assignment of Mortgage dated February 21, 2008, Mortgage Electronic Registration Systems, Inc., solely as a nominee of GMAC Mortgage Corporation, assigned the mortgage to GMAC Mortgage, LLC. (*Id.* ¶2a).

The Cargilles allege that in 2008, after the assignment of the mortgage to GMAC, which

1

they argue was fraudulent, GMAC began foreclosure proceedings against them. The negotiations eventually resulted in a settlement of the accelerated debt wherein the Cargilles made a cash payment to GMAC and entered into a separate, unsecured loan with GMAC. In addition, the Cargilles restarted payments to GMAC on the original note and mortgage. (ECF No. 35, Counterclaims ("CC") ¶¶126-139; CC ¶143).

On June 14, 2013, GMAC Mortgage LLC by Green Tree Servicing LLC, its Attorney-in-Fact, assigned the mortgage to Green Tree Servicing LLC. Green Tree Servicing LLC is now known as Ditech Financial LLC ("Ditech").

On October 4, 2013, Ditech noticed the Cargilles of its intent to foreclose. On March 7, 2013, Ditect informed the Cargilles that they were approved for a Trial Payment Plan (TPP). The TPP required the Cargilles to make three monthly payments of $1,533.95 on April 1, May 1, and June 1, 2013. The Cargilles allegedly made the three trial payments, and were provided with a loan modification offer on June 10, 2013. The Cargilles turned down the offer because the proposed loan modification would have recapitalized the amount they owed into the loan principal.

On December 8, 2014, while the loan was in default, the foreclosure complaint was filed in the Superior Court of New Jersey, Chancery Division, Mercer County docket number MER-F-052949-14 (Foreclosure Action). On February 4, 2015, a Notice of Removal was filed by the Cargilles based upon diversity jurisdiction pursuant to 28 U.S.C. 1332. (ECF No. 1). On October 14, 2015, this Court granted Green Tree Servicing LLC's Motion to Remand the case to New Jersey Superior Court. (ECF No. 7) and denied the Cargilles' Motion to Dismiss as moot. (ECF No. 20). The Cargilles appealed and the Third Circuit vacated and remanded the decision because the motion to remand was untimely filed.

On April 29, 2016, the Cargilles filed an affirmative Complaint under Civil Action No. 16-2433. On December 20, 2016, the two cases were consolidated and the Court ordered that the parties may file their motions to dismiss within 30 days of the Defendants Cargilles' Answer and Counterclaim. (ECF No. 33).

On January 18, 2017, the Cargilles filed an Answer, Affirmative Defenses and Counterclaims on January 18, 2017 (ECF No. 35). The Cargilles allege claims for Breach of Contract (Count One), Breach of Good Faith and Fair Dealing (Count Two); Fraud/Intentional Misrepresentation (Count Three); Constructive Fraud/Negligent Misrepresentation (Count Four); violation of the NJ Consumer Fraud Act (Count Five); violation of the Fair Debt Collection Practices Act (Count Six); and violation of the Florida Deceptive and Unfair Trade Practices Act (Count Seven).

The Cargilles' claims are premised on alleged acts by Ditech and its alleged predecessor-in-interest, GMAC Mortgage LLC, "that demonstrate a reckless disregard for truth, outright fraud, forgery, and even perjury over a seven year period." (ECF No. 35 pg. 8).

On February 14, 2017, this Court entered an Order extending the time for Ditech to respond to the Cargilles' Counterclaim by 60 days in order that Ditech may address the "outcome of Ditech's review of Cargilles' loss mitigation application." (ECF No. 38).

On April 20, 2017, the Cargilles filed a motion to dismiss the foreclosure action (ECF No. 43). On May 22, 2017, Ditech cross-moved to dismiss the Cargilles' Answer, Counterclaims and affirmative Complaint (ECF No. 47).

The Cargilles argue three separate grounds to dismiss the Complaint:

    (1)    Ditech lacks standing to bring a foreclosure action;

    (2)    Ditech was not the appropriate party to file a foreclosure action under the

3

New Jersey Fair Foreclosure Act; and

    (3)    The assignment to Ditech was fraudulently procured.

The Court will apply the Fed. R. Civ. P. 12(b)(1) standard to the first two grounds. With regard to the allegation of fraud, the Court will apply Fed. R. Civ. P. 12(b)(6).

II.

<u>Fed. R. Civ. P. 12(b)(1) - Standing and the Foreclosure Action</u>

"A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *Ballentine v. United States*, 486 F.3d 806, 810, 48 V.I. 1059 (3d Cir. 2007)).

"The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir 2014) (citing Davis v. FEC, 554 U.S. 724, 734, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008)). To establish standing, a plaintiff must establish: (1) an "injury in fact," i.e., an actual or imminently threatened injury that is "concrete and particularized" to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court. *Nat'l Collegiate Athletic Ass'n v. Gov. of N.J.*, 730 F.3d 208, 218 (3d Cir. 2013) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Although a plaintiff bears the burden of establishing the elements of standing, at the motion to dismiss stage, the Court "must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine*, 486 F.3d at 810.

In a foreclosure natter, "a party seeking to foreclose a mortgage must own or control the underlying debt." *Deutsche Bank Nat'l Trust Co. v. Mitchell*, 422 N.J. Super. 214, 27 A.3d 1229, 1234-35 (N.J. Super. Ct. App. Div. 2011).

> "It is well established in New Jersey that either possession of the note or an assignment of the mortgage that predated the original complaint confers standing on a party." *Grant-Covert v. Wells Fargo Bank*, N.A., No. 15-6018, 2016 U.S. Dist. LEXIS 30233, at *6-7 (D.N.J. Mar. 9, 2016) (citing *Deutsche Bank Trust Co. Americas v. Angeles*, 428 N.J. Super. 315, 53 A.3d 673, 675 (N.J. Super. Ct. App. Div. 2012)).

*Bank of N.Y. Mellon v. Walch*, 2017 U.S. Dist. LEXIS 67112, *11 (May 3, 2017). Here, the Cargilles appear to argue that Ditech does not have standing because Ditech is not the actual holder of the mortgage and the note. They argue that the Complaint fails to allege Ditech has any enforceable rights in the asserted debt underlying the mortgage at issue. The Cargilles assert that the assignment of the mortgage was fraudulent thus Ditech has no standing in challenging the assignment of the mortgage. In opposition, Ditech supports that the Cargilles may not challenge the assignment because they were not a party to it. The Court agrees. "The fact that the assignors might have a valid cause of action against the assignee because of fraud practiced upon them [does] not affect the legal title of the assignee, and [cannot] be proved by a defendant in an action on the assignments." *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 532 (D.N.J. 2012) (quoting *Ifert v. Miller*, 138 B.R. 159, 163 (E.D. Pa. 1992), aff'd, 981 F.2d 1247 (3d Cir. 1992)).

As to Ditech's standing to bring the foreclosure action, the requirements were met. In the Complaint, Ditech alleges that the Cargilles defaulted on November 1, 2012. The mortgage was assigned to Ditech (then known as Green Tree Servicing LLC) on June 14, 2013 and recorded by the Clerk of Mercer County on June 17, 2013. This action was initially brought by Ditech against Defendants on December 8, 2014. Thus, assignment of the mortgage preceded the initial claim

conferring Plaintiff standing to bring this foreclosure action against Defendants. These assertions set forth a plausible cause of action to institute a foreclosure action. *See Great Falls Bank v. Park*, 263 N.J. Super. 388, 394 (Ch. Div. 1993) *aff'd*, 273 N.J. Super. 545 (App. Div. 1994) ("The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgage premises."). As such, the motion to dismiss on that ground is denied.

### Violation of the New Jersey Fair Foreclosure Act

Next, the Cargilles seek to dismiss the Complaint because Ditech has violated the New Jersey Fair Foreclosure Act, specifically by not complying with the requirements of N.J.S.A. 2A:50-56 which require disclosure of the identity of the lender in the Notice of Intent to Foreclose (NOI). The Cargilles allege that the statute only allows a lender to serve a NOI; and since Ditech is a servicer or an assignee, it has no standing to initiate the NOI or a lawsuit. In setting forth this argument, the Cargilles missed the mark.

N.J.S.A. 2A:50-56(c)(11) requires the NOI to state,

> the name and address of the lender and the telephone number of a <u>representative of the lender</u> whom the debtor may contact if the debtor disagrees with the lender's assertion that a default has occurred or the correctness of the mortgage lender's calculation of the amount required to cure the default.

New Jersey state courts have leniently enforced the provisions of the statute. In two separate cases, it has been held that a district court has discretion in determining the appropriate remedy. For example, the Supreme Court of New Jersey held that a lower courts has discretion to impose some appropriate remedy if the statute is violated. *U.S. Bank Nat'l Ass'n v. Guillaume*, 209 N.J. 449, 470, 38 A.3d 570 (2012). In another case, even where improper notices are found, it has been held that a Chancery Judge may impose equitable remedies, rather than dismissal, where appropriate. *Wells Fargo Bank, N.A. v. Albanes*, 2017 N.J. Super. Unpub. LEXIS 642, *15

(N.J. Super. Ct. App. Div., Mar. 15, 2017). As a result, both arguments fail. The motion to dismiss based upon the New Jersey Fair Foreclosure Act is denied because a representative may serve a notice of intent to foreclose, and a court has discretion to impose a different remedy than dismissal. *Grullon v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 48394, *25 (D.N.J. March 28, 2013).

### III.

Lastly, the Cargilles argue that Plaintiff has failed to state a claim upon which relief may be granted because the assignment relied upon by Ditech is fraudulent.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397 98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), cert. denied, *Forbes v. Semerenko*, 531 U.S. 1149, 121 S. Ct. 1091 (2001). The pleader is required to 'set forth

sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz,* 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).

Generally, the enforceability of an assignment based on fraud is a question of fact for the trier of fact. The Plaintiff must show (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610, 691 A.2d 350, 367 (1997).

Here, the Cargilles infer that the allegations of their counterclaim are sufficient to dismiss the Complaint. To the contrary, the facts are disputed by Ditech. Ditech relies upon the note and mortgage which were assigned to it on June 14, 2013. On the other hand, the Cargilles have alleged an elaborate scheme of fraudulent activity ending with the alleged 2013 forged assignment "being robo-signed by a processing clerk. . . " (ECF 35, ¶ 57) Further, the Cargilles allege that the 2008 assignment "was fraudulently notarized" by Thomas Strain (ECF 35, ¶ 60), and "GTS retained and paid a robo-signing title assignment company for preparing . . . an alleged assignment of the mortgage." (ECF 35, ¶ 67). At a different period of time (2008) Phelan Halliman executed an assignment of a mortgage from MERS to GMAC, but this was fraudulently notarized by Thomas Strain (Counterclaim ¶¶ 92-100). The thrust of the Cargilles' allegations are facts which must be established at trial. These are issues for the trier of fact to decide. As such, the motion to dismiss the complaint because the assignments at issue are based on fraud is denied.

ORDER

This motion having been brought before the Court on David and Julie Cargille's motion to dismiss the Complaint (ECF No. 43); and the Court having read the submissions of the parties; and for good cause having been shown;

IT IS on this 28th day of March, 2018;

ORDERED that Defendants' motion to dismiss (ECF No. 43) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.