# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

GREEN TREE SERVICING, LLC,

              *Plaintiff,*

v.

CARGILLE, et al.,

              *Defendants.*

Civil Action No.:
3:15-cv-00938-PGS-LHG

**MEMORANDUM AND ORDER**

---

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Plaintiff/Counterclaim Defendant Green Tree Servicing, LLC's motion to remand this action to the Superior Court of the State of New Jersey, Chancery Division, Mercer County. (ECF No. 103). The question before the Court is whether this Court still retains subject matter jurisdiction over this matter. For the reasons explained below, this Court finds that it has subject matter jurisdiction to hear this case.

I

The Court notes, at the outset, that Defendants David and Julie Cargille (the "Cargilles") have violated the "hybrid representation" rule and the Local Civil Rules of the U.S. District Court for the District of New Jersey, because they filed and signed their opposition brief on behalf of themselves, as *pro se* litigants. (*See* Cargilles' Opp'n Br., ECF No. 115). At the time of filing of their opposition brief, their then-counsel of record, Joshua W. Denbeaux, of Denbeaux & Denbeaux, represented the Cargilles (*see* Notice of Appearance, ECF No. 70), but did not file or sign the Cargilles' opposition brief.

The Third Circuit has held that "[p]ro se litigants have no right to "hybrid representation" because "'[a] defendant does not have a constitutional right to choreograph special appearances by counsel.'" *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). "Once a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously . . . request[s] that . . . counsel be silenced." *Turner*, 677 F.3d at 578 (citation omitted). Accordingly, a district court is not obligated to entertain *pro se* motions filed by a represented party. *See United States v. Ransom*, 502 F. App'x 196, 201 (3d Cir. 2012). Moreover, District of New Jersey Local Civil Rule 11.1 states that "[i]n each case, the attorney of record who is a member of the bar of this Court shall sign all papers submitted to the Court or filed with the Clerk." L. Civ. R. 11.1.

In this case, the Cargilles violated both the "hybrid representation" rule and Local Rule by filing and signing their own opposition brief without providing any notice to the Court about their intentions. At oral argument held on October 21, 2019, this Court granted Mr. Denbeaux's oral request to withdraw as counsel for the Cargilles. The Cargilles now proceed as *pro se* litigants. Although the Cargilles' filing of their brief was procedurally improper, this Court will nonetheless take heed of the legal arguments in their brief.

II

The facts and procedural history of this case have been set forth in considerable detail in this Court's prior decisions and will not be repeated here again. Only the facts and procedural history relevant to the issue of subject matter jurisdiction will be discussed.

A. The Foreclosure

On August 28, 2003, the Cargilles purchased a home in Cranbury, New Jersey and executed a promissory note [hereinafter "the note"] with GMAC Mortgage Corporation in the amount of $285,000. (Compl. ¶ 1, ECF No. 1-1). The same day, the Cargilles executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage Corporation, which was secured by the Cargilles' property. (*Id.* at ¶ 2). The property at issue is located at 29 Millstone Drive, Cranbury, New Jersey 08512, in Mercer County. (*Id.* at ¶ 3). The mortgage was duly recorded on June 6, 2005 by the Mercer County Clerk's Office. (*Id.* at ¶ 2). By Assignment of Mortgage dated February 21, 2008, Mortgage Electronic Registration Systems, Inc., solely as a nominee of GMAC Mortgage Corporation, assigned the mortgage to GMAC Mortgage, LLC. (*Id.* at ¶ 2a). By Assignment of Mortgage dated June 14, 2013, GMAC Mortgage LLC by Green Tree Servicing LLC, its Attorney-in-Fact, assigned the Mortgage to Green Tree Servicing, LLC, now known as Ditech Financial LLC [hereinafter "Ditech"]. (*Id.* at ¶ 2(b)).

The Cargilles allege that in 2008, after the assignment of the mortgage to GMAC, which they argue was fraudulent, GMAC began foreclosure procedures against them in New Jersey Superior Court, Chancery Division, Mercer County. (First Answer and Counterclaims ¶ 126, ECF No. 35). The proceedings eventually resulted in a settlement of the accelerated debt in which the Cargilles made a cash payment to GMAC and entered into a new, unsecured loan with GMAC. (*Id.* at ¶¶ 126-139). After the Settlement, the Cargilles continued to make payments to GMAC on the mortgage. (*Id.* at ¶ 143).

The Cargilles went into default again in or around September 2012. (*Id.* at ¶ 157). On October 4, 2013, Ditech sent the Cargilles a notice of intent to foreclose. (*Id.* at ¶ 270). While the

loan was in default, the foreclosure complaint was filed on December 8, 2014 in state court. (*See* ECF No. 1-1).

   B. Subject matter jurisdiction

   Ditech's Complaint alleges state law claims only. (Compl., First and Second Counts). On February 4, 2015, the Cargilles filed a Joint Notice of Removal and removed this action from state court to federal district court, asserting that the District Court had diversity jurisdiction under 28 U.S.C. § 1332. (*See* Joint Notice of Removal ¶ 7, ECF No. 1). The Cargilles indicated that diversity jurisdiction was proper because Ditech is a citizen of the States of Delaware, Maryland, and Minnesota, and that the Cargilles are domiciled in, and thus citizens of, New Jersey. (*Id.* at ¶¶ 15, 16). The Cargilles also alleged that the amount-in-controversy was satisfied because the value of the mortgage note is $285,000. (*Id.* at ¶ 8).

   On May 20, 2015, Ditech moved to remand the matter to state court, arguing that because the Cargilles—the defendants in this case—are domiciled in New Jersey, they were not permitted to remove this action to federal court under the forum-defendant rule, 28 U.S.C. § 1441(b)(2), which prohibits removal based on diversity jurisdiction if any of the defendants is a citizen of the state in which an action is brought. (Ditech's Mot. to Remand, ECF No. 7). Ditech's initial remand motion, however, was untimely under 28 U.S.C. § 1447(c).

   On October 14, 2015, this Court granted Ditech's initial motion to remand and ordered that this action be remanded to New Jersey state court. (*See* Remand Order, Oct. 13, 2015, ECF No. 20). On October 7, 2016, however, the U.S. Court of Appeals for the Third Circuit vacated this Court's remand order, holding that this Court was "precluded by statute from remanding the foreclosure action on a non-jurisdictional ground." *Green Tree Servicing LLC v. Cargille*, 662 F. App'x 118, 121 (3d Cir. 2016).

In its opinion, the Third Circuit explained that removal under the forum-defendant rule is *not* a jurisdictional defect, but rather a "waivable defect in removal procedure, where the case could have been filed initially in federal court." *Id.* at 120. Analyzing the jurisdictional facts of the case, the Third Circuit noted that the Cargilles alleged—and Ditech did not dispute—that they (the Cargilles) and Ditech are citizens of different states and that the amount of controversy exceeded $75,000, thus invoking the Court's diversity jurisdiction. *Cargille*, 662 F. App'x at 121. Therefore, because the Cargilles' removal error was not jurisdictional, *and* because Ditech's initial motion to remand was untimely filed, this Court was not permitted to remand the case on the ground that removal was improper. *Id.*

On May 19, 2019, Ditech filed its second motion to remand the case. (ECF No. 103). This Court notes that the Third Circuit's October 2016 opinion vacating the first remand order is slightly different from the issue now presented before the Court. In addressing whether the Cargilles properly removed the case to federal court, the Third Circuit addressed the timeliness of Ditech's motion to remand and, importantly, noted that the parties did not dispute whether diversity jurisdiction existed. *Cargille*, 662 F. App'x at 121.

Since the Third Circuit's opinion, however, additional facts and parties have been added to the case that question the Court's diversity jurisdiction. Accordingly, Ditech now contends that this Court lacks subject matter jurisdiction because there is not complete diversity because the Cargilles, as New Jersey citizens, are asserting claims against third-party defendants, some of whom are also New Jersey citizens. (Ditech's Br. in Support of Mot. to Remand, 5-7, ECF No. 103-1). Ditech also notes that there is no federal question pending before the Court. (*Id.* at 7-9). A brief discussion of the jurisdictional facts following the Third Circuit's opinion is discussed below.

## III

### Case Activity After the Court of Appeals' Decision

#### A. Citizenship of the Parties

In the years after the Third Circuit's decision vacating the Court's initial remand order, the Cargilles asserted counterclaims against Ditech as well as claims against other entities and individuals as consolidated and "counterclaim defendants."[1] (*See* ECF Nos. 35, 83). Those entities are the following: Nationwide Title Clearing, Inc. ("NTC"); Safeguard Properties Management, LLC and other related Safeguard entities [hereinafter "Safeguard"]; New York Field Servicing ("NYFS"); KML Law Group, P.C.; and individuals Erica Lance, Christopher Jones, and Ronald Simpson. (*See* First Answer and Counterclaims ¶¶ 12-29). KML Law Group has since been dismissed as a party to this action. (*See* ECF No. 72).

According to the Cargilles' First Answer, and as best the Court can tell, the citizenship of the third-party defendant companies and individuals is as follows: NTC is a citizen of Florida; Safeguard is a citizen of both Ohio and New Jersey; NYFS is a citizen of New Jersey; Erica Lance is a citizen of Florida; and the citizenships of Christopher Jones and Ronald Simpson are unknown. (First Answer and Counterclaims ¶¶ 12-30). As stated, Ditech is a citizen of Delaware, Minnesota, and Maryland, and the Cargilles are citizens of New Jersey.

#### B. Claims and Counterclaims

The counterclaims in the Cargilles' First Answer and Counterclaims against Ditech and the Third Party Defendants consisted of: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) fraud/intentional misrepresentation; (4) constructive fraud; (5) violation of the

---

[1] A pleading against a new party by a defendant is a third-party complaint under Federal Rule of Civil Procedure 14(a).

New Jersey Consumer Fraud Act; (6) Fair Debt Collection Practices Act (FDCPA) violations; and (7) violation of the Florida Deceptive and Unfair Trade Practices Act. (First Answer and Counterclaims ¶¶ 517-577). The only federal claim is the FDCPA claim; the other claims are state law claims. Ditech filed a motion for reconsideration regarding these claims, (*see* ECF No. 77), because this Court initially dismissed with prejudice and dismissed without prejudice some of the Cargilles' counterclaims. *See Green Tree Servicing*, No.: 15-cv-0938 (PGS)(LHG), 2018 U.S. Dist. LEXIS 61857, at *20-21 (D.N.J. Apr. 12, 2018); (ECF No. 75).

The counterclaims in the Cargilles' Second Amended Answer, which they deemed "class allegations," included similar state law claims, such as fraud and breach of settlement agreements, as well as the FDCPA claim. (Second Amended Answer and Counterclaims ¶¶ 41-55, ECF No. 83). Ditech filed a motion to dismiss regarding those claims. (*See* ECF No. 89).

On January 24, 2019, this Court dismissed with prejudice the following counterclaims: fraud/intentional misrepresentation; violation of the New Jersey Consumer Fraud Act; violation of the Florida Deceptive and Unfair Trade Practices Act; and, notably, the FDCPA claim. *Green Tree Servicing, LLC v. Cargille*, No. 15-cv-0938 (PGS)(LHG), 2019 U.S. Dist. LEXIS 11615, at *11 (D.N.J. Jan. 24, 2019); *see* ECF No. 98. The three remaining claims were dismissed without prejudice and this Court ordered that the Cargilles may amend these remaining claims within thirty days. *Cargille*, 2019 U.S. Dist. LEXIS 11615, at *11. The Cargilles did not amend their claims and instead filed an interlocutory appeal with the Third Circuit. (*See* Notice of Interlocutory Appeal, ECF No. 99). The Third Circuit dismissed the interlocutory appeal on procedural grounds. (Certified Order of U.S. Court of Appeals for the Third Circuit, ECF No. 101).

In the same January 24, 2019 Memorandum and Order, this Court also denied as moot Ditech's motion to dismiss the counterclaims in the Cargilles' Second Amended Answer because

the counterclaims in the Second Amended Answer mirrored and encompassed the counterclaims in the Cargilles' First Answer and Counterclaims.

With these facts in mind, the Court must determine whether it still has subject matter jurisdiction in this case. In short, this Court finds that it does.

IV

Under 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447(c) specifies two grounds for remand: (1) lack of subject matter jurisdiction and (2) any other procedural defect (provided that the defect is timely raised by the party seeking remand). *See Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013); *Cook v. Wikler*, 320 F.3d 431, 434-35 (3d Cir. 2003). According to the Third Circuit, the "party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *see Wells Fargo Bank, N.A. v. Mastoris*, No. 13-5008 (PGS)(LHG), 2013 U.S. Dist. LEXIS 167424, at *12 (D.N.J. Nov. 12, 2013); *Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 519 (D.N.J. 1998).

V

Although this Court has ruled on the Cargilles' counterclaims, subject matter jurisdiction is a threshold issue that can be raised at any time prior to a final judgement. *See* Fed. R. Civ. P. 12(b)(1) and 12(h)(3); *Capron v. Van Noorden*, 6 U.S. 126, 127 (1804).

A. This Court Lacks Federal Question Jurisdiction Over the Cargilles' Claims.

At the outset, because the FDCPA claim—the only federal cause of action in this matter— has been dismissed with prejudice, this Court does not have federal question jurisdiction.

Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The U.S. Supreme Court has explained that "the presence or absence of federal-question jurisdiction is governed by the "'well-pleaded complaint rule,'" which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

In this case, not only is Ditech's foreclosure action a state law cause of action, but the numerous counterclaims the Cargilles have asserted against Ditech and the third-party defendants were state law causes of action. The lone federal counterclaim that the Cargilles maintained against the parties here was their FDCPA claim, but this Court dismissed with prejudice that claim in its most recent memorandum and order. *See Cargille*, 2019 U.S. Dist. LEXIS 11615, at *11. Therefore, this court lacks federal question jurisdiction to hear this case.

B. This Court Has Diversity Jurisdiction

Nevertheless, this Court has diversity jurisdiction to hear this case.

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see* 28 U.S.C. § 1332. The statute requires "complete diversity between all plaintiffs and all defendants." *Roche*, 546 U.S. at 89. In other words, without some other basis for jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citation omitted). Diversity of citizenship is assessed at the time the complaint is filed. *Id.*

Here, diversity jurisdiction exists as between Ditech and the Cargilles because Ditech (a citizen of Delaware, Minnesota, and Maryland) and the Cargilles (citizens of New Jersey) are citizens of different states. In addition, the amount-in-controversy is satisfied because the $285,000 mortgage note well exceeds the $75,000 requirement. *See* 28 U.S.C. § 1332. Therefore, this Court has diversity jurisdiction over Ditech and the Cargilles.

Ditech first argues that this Court lacks diversity jurisdiction to hear this case because the Cargilles have violated the "forum defendant rule," which prohibits a defendant from removing a civil action if he or she is a citizen of the State in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Thus, Ditech argues that because the Cargilles are citizens of New Jersey, they were not permitted to remove this action to New Jersey federal court. (Ditech Br. 6; Reply Br., 4-5, ECF No. 117).

Ditech is correct that the Cargilles, as New Jersey citizens, could not have removed this action to New Jersey federal court. Yet, as explained above, the Third Circuit has already held that "[t]he Cargilles' erroneous removal under § 1441(b)(2) was not a jurisdictional defect, but a defect in removal procedure," which Ditech waived. *Cargille*, 662 F. App'x at 121; *see Korea Exchange Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995). Thus, because the Cargilles' removal error was merely a procedural error, and because the Cargilles could have initially filed this action in federal court based on diversity jurisdiction, this Court has diversity jurisdiction.

The more precise question before the Court, though, is whether diversity jurisdiction exists as between the Cargilles' claims, as third-party plaintiffs, against the several third-party defendants, since both the Cargilles and a few of the third-party defendants are citizens of New Jersey.

Federal Rule of Civil Procedure 14 dictates third-party practice and permits a defendant, "as third-party plaintiff, to serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). The newly defending party is referred to as

the third-party defendant. The original plaintiff may also assert against the third-party defendant any claim arising out of the same transaction or occurrence that formed the subject matter of the original plaintiff's claim against the original defendant (now third-party plaintiff). Fed. R. Civ. P. 14(a)(3).

The Third Circuit has held that "in a diversity action, the district court has jurisdiction over a defendant's counterclaim against non-diverse parties joined as third-party defendants to the counterclaim." *Development Fin. Corp. v. Alpha Hous. & Health Care*, 54 F.3d 156, 160 (3d Cir. 1995); *see Fid. & Cas. Co. v. Texas Eastern Transmission Corp. (In re Texas Eastern Transmission Corp.)*, 15 F.3d 1230, 1237-38 (3d Cir. 1994); *FDIC v. Bathgate*, 27 F.3d 850, 874 (3d Cir. 1994). In *Texas Eastern*, the Third Circuit specifically pointed out that the joinder of "non-diverse counterclaim defendants does not destroy diversity jurisdiction . . . because there is complete diversity of citizenship between the original parties." *Texas Eastern*, 15 F.3d at 1238. The District of New Jersey has also noted that under Rule 14, it is not required that diversity of citizenship exist between the third-party defendant and the plaintiff *or* that diversity of citizenship exist between defendant, as third-party plaintiff, and the third-party defendant. *See Archer & Greiner v. Rosefielde*, 1:16-cv-04023-NLH-AMD, 2017 U.S. Dist. LEXIS 89391, at *6 n.3 (D.N.J. June 12, 2017); *N.H. Ins. Co. v. Diller*, 678 F. Supp. 2d 288, 292 n.3 (D.N.J. 2009).

In this case, it has been established that diversity jurisdiction exists as between Ditech and the Cargilles. Yet, Ditech argues that because the Cargilles, as New Jersey citizens, have filed claims against New Jersey corporations and individuals as third-party defendants, diversity jurisdiction has been destroyed. (Pl.'s Br. 1, 2, 6). The Cargilles, on the other hand, assert that the Court's diversity jurisdiction over Ditech's claims against the Cargilles was never destroyed. (Cargilles' Opp'n Br. 9). The Cargilles also makes a peculiar claim that although third-party defendant Safeguard is a "New Jersey-registered . . . entity," Safeguard does not actually exist. *Id.* ("Thus, it appears that no such

entity actually exists, such that the listing of that entity as a counterclaim-defendant cannot destroy the Court's diversity jurisdiction over Ditech's claims against the Cargilles.")

This Court has diversity jurisdiction over these claims. Based on Third Circuit law, diversity of citizenship is not destroyed simply because the Cargilles are New Jersey citizens and third-party defendant Safeguard is a citizen of both Ohio and New Jersey, and NYFS is a citizen of New Jersey. Therefore, the Cargilles' claims against the third-party defendants are properly before the Court.

## VI

For the reasons stated above, this Court finds that it retains diversity jurisdiction and denies Plaintiff's motion to remand.

## ORDER

This matter having come before the Court on Plaintiff's Motion to Remand (ECF No. 103), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this ___19___ day of November, 2019,

**ORDERED** that Plaintiff's Motion to Remand (ECF No. 103) is **DENIED**.

PETER G. SHERIDAN, U.S.D.J.