UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREEN TREE SERVICING, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CARGILLE, et al.,<br><br>*Defendants.* | Civil Action No.:<br>3:15-cv-00938-PGS-LHG<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion to reinstate an appeal (ECF No. 104) filed by Defendants David and Julie Cargille (the "Cargilles"). For the reasons stated herein, Defendants' motion is denied.

I

The facts and procedural history of this matter have been set forth in considerable detail in this Court's prior decisions and will not be repeated here again. Only the procedural history relevant to this motion will be discussed here.

In short, in 2013, Plaintiff/Counterclaim Defendant Green Tree Servicing, LLC, now known as Ditech Financial LLC [hereinafter "Ditech"], filed a foreclosure action against the Cargilles in New Jersey Superior Court, Chancery Division, Mercer County. (*See* Joint Notice of Removal, Ex. A, Compl., ECF No. 1-1). The foreclosure action has spawned a flurry of motions in this Court, as well as in federal bankruptcy court and in the U.S. Court of Appeals for the Third Circuit.

1

On January 24, 2019, this Court granted Ditech's motion for reconsideration, which requested that this Court reconsider its April 12, 2018 Order. *See Green Tree Servicing, LLC v. Cargille*, No.: 15-cv-0938 (PGS)(LHG), 2019 U.S. Dist. LEXIS 11615, at *10-11 (D.N.J. Jan. 24, 2019); ECF No. 98. In this Court's January 24, 2019 memorandum and opinion, it dismissed with prejudice certain counterclaims and dismissed without prejudice other counterclaims. *Cargille*, 2019 U.S. Dist. LEXIS 11615, at *11. For the claims that were dismissed without prejudice, this Court ordered that the Cargilles may amend those remaining claims within thirty days. *Id.* The Cargilles did not amend their claims, and instead filed an interlocutory appeal with the U.S. Court of Appeals for the Third Circuit on February 22, 2019. (*See* Notice of Interlocutory Appeal, ECF No. 99).

On April 18, 2019, the Third Circuit dismissed the interlocutory appeal on procedural grounds under Federal Rule of Appellate Procedure 10(b) and Third Circuit Local Appellate Rule 107.2(a). (Certified Order of U.S. Court of Appeals for the Third Circuit, ECF No. 101). On May 15, 2019, the Cargilles filed their "Motion for Reinstatement" requesting that this Court "stay prosecution" of the Third Circuit's appeal. (Cargilles' Motion for Reinstatement, 8, ECF No. 104). Specifically, because the Bankruptcy Court issued an Interim Order modifying the automatic stay on a limited basis, the Cargilles state that they have "shown good cause . . . for reinstatement of the appeal pending the Stay in Bankruptcy court, to enable prosecution of the appeal at such time as the Stay is lifted." (*Id.* at ¶¶ 18, 7). The Bankruptcy Court's Interim Order stated:

> [T]he automatic stay shall remain in full force and effect with respect to any and all other pending or future claims, cross-claims, third-party claims, and counterclaims by Interested Parties related to judicial and non-judicial foreclosure and eviction proceedings, including with respect to (a) monetary relief of any kind or any nature against the Debtors, (b) claims of recoupment or setoff, (c) relief that if granted would affect the amount, validity, and/or priority of lien(s) on property owned or serviced by the Debtors, and (d) actions asserted in the form of a class action or collective action.

(*Id.* at ¶ 7).

According to Ditech, the day after the Cargilles filed its reinstatement motion with this Court, it also filed an application for reinstatement with the Third Circuit. (Ditech Opp'n, 3, ECF No. 107). The Third Circuit, according to Ditech, entered a Noncompliance Order because of deficiencies in the Cargilles' motion for reinstatement. (*Id.*).

II

This Court lacks jurisdiction to hear this case because the Cargilles are requesting that this Court rule on an order issued by the Third Circuit. Third Circuit Local Appellate Rule 107.2 describes the procedures for dismissal for an appellant's failure to prosecute. The Rule states that when an appellant fails to comply with the Federal Rules of Appellate Procedure or the Third Circuit's Local Appellate Rules, the appeal may be dismissed for want of prosecution unless the appellant remedies the deficiency within the time period permitted under the Rule. LAR 107.2(a). The Rule then states that "[t]he appellant is not entitled to remedy the deficiency after the appeal is dismissed except by *order of the court*," which refers to the Court of Appeals of the Third Circuit, not any District Court. *Id.* (emphasis added). Accordingly, this Court cannot rule on the Third Circuit's dismissal order of the Cargilles' interlocutory appeal because this Court lacks jurisdiction to do so.

Moreover, Sections 1330 to 1369 of Title 28, Chapter 85 of the U.S. Code delineate the circumstances in which federal courts have jurisdiction, and dismissal orders of interlocutory appeals are not included in the federal courts' jurisdiction. *See* 28 U.S.C. §§ 1330 – 1369. The Third Circuit's Order also did not direct this Court to take any action or indicate in any way that this Court has jurisdiction regarding the Cargilles' interlocutory appeal. Any application to

3

reinstate the Third Circuit's appeal must be brought before the Third Circuit. Therefore, the Cargilles' motion is denied for lack of jurisdiction.

**ORDER**

This matter having come before the Court on Defendants' Motion to Reinstate (ECF No. 104), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this ___19___ day of November, 2019,

**ORDERED** that Defendants' Motion to Reinstate (ECF No. 104) is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.